4419 196 S. W. 2d 922

Opinion delivered October 28, 1946.

*L. DeWoody Lyle* and *Sam M. Levine*, for appellant.

*Guy E. Williams*, Attorney General and *Earl N. Williams*, Assistant Attorney General, for appellee.

Smith, J. This appeal is from a death sentence imposed upon appellant following his conviction for the crime of rape committed upon a child only 11 years old whose feelings we spare by omitting the mention of her name. He was defended by eminent and able counsel, under appointment of the court, who interposed such defense as the facts in the case permitted; and, who to be sure they had discharged the duties appertaining to their appointment have perfected this appeal.

When arraigned, as provided for and required by § 3876, Pope's Digest, and asked if he pleads guilty or not guilty appellant answered, "Yes, sir, Judge, I am guilty and I beg the mercy of the court."

There was offered in evidence at the trial the written confession of appellant, shown to have been freely and voluntarily made, in which the revolting details of the crime were recited. This statement coincided with the testimony of the assaulted child, whose identification of appellant as her assailant was unequivocal. Her testimony was corroborated by much other testimony. The evidence of the doctors who examined the child soon after the assault, as to lacerations sustained leaves no doubt as to the proof of the completed crime. As we have said proof of the commission of the crime is complete and

its grade may not be reduced to a mere assault with intent to commit the crime.

The child was sent by her mother with a five-gallon can to a suburban grocery store to buy kerosene. She was unable to carry that weight and bought only three gallons of oil. Appellant, driving an automobile, met the child in the road and offered to take her to her home. The invitation to be relieved of her burden was accepted, and the child got in appellant's car. But instead of driving her home, as he had promised, he drove to a secluded spot and committed his diabolical crime.

The judgment must be affirmed, and it is so ordered.